IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JARETTE H., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-01627-M-BT |
| | § | |
| KILOLO KIJAKAZI, | § | |
| ACTING COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Jarette H.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. (ECF No. 1). The District Court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. (ECF No. 5). For the reasons explained below, the District Court should AFFIRM the Commissioner's decision.

## Background

Plaintiff alleges that he is disabled due to a variety of impairments, including benign brain tumors, migraines, seizure disorder, syncope, Parkinson's disease,

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

bilateral hand tremors, pulmonary embolism, and sensorineural hearing loss. Pl.'s Br. 5 (ECF No. 15). He was born in 1989 and was 29 years old on his alleged disability onset. *See* Admin. R. 180 (ECF No. 13-1). Plaintiff has a high-school education and can communicate in English. *See id.* at 26, 240. He has past work experience as a home-health aide. *Id.* at 25.

On July 3, 2019, Plaintiff applied for supplemental security income benefits (SSI) alleging disability. *Id.* at 18, 180-86. After his application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge (ALJ). *Id.* at 95. The hearing took place on December 14, 2020. *Id.* at 18.

The ALJ determined that Plaintiff was not disabled and therefore not entitled to SSI. *Id.* at 19. At step one of the five-step sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 3, 2019.[2] *Id.* at 20. At steps two and three, the ALJ found Plaintiff had severe impairments

---

[2] "In evaluating a disability claim, the [ALJ] conducts a five-step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The plaintiff bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the ALJ to show that there is other substantial work in the national economy that the plaintiff can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

of benign brain tumors, migraines, and syncope, but Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id.* at 20. At step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform a limited range of sedentary work, but Plaintiff could not perform his past work. *Id.* at 21. At step five, the ALJ found that Plaintiff could work as a document preparer, tube operator, addresser, and surveillance system monitor—jobs that exist in significant numbers in the national economy. *Id.* at 26.

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* at 4. The Council denied review. *Id.* Plaintiff then filed this action in federal district court, in which he contends the ALJ erred in finding him not disabled. Specifically, Plaintiff argues that the ALJ erred in finding there are a significant number of jobs that he can perform. Pl.'s Br. 4.

## Legal Standards

The Court's "review of Social Security disability cases is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citation and internal quotations omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla

and less than a preponderance." (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)) (citation and internal quotation marks omitted)).

The ALJ, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the ALJ stated to support the administrative decision. *Copeland*, 771 F.3d at 923 (citation omitted).

## Analysis

Plaintiff argues the ALJ's decision must be reversed because there are not a significant number of jobs that exist in the national economy that he can perform with the RFC found by the ALJ. Pl.'s Br. 8-13. Specifically, he contends the jobs the ALJ found he could perform were inconsistent with the information in the Dictionary of Occupational Titles (DOT) and do not exist today or do not exist in significant numbers in the region where Plaintiff lives. Pl.'s Br. 4

The ALJ determined that Plaintiff had the RFC "to perform sedentary work . . . except . . . he can lift and carry up to twenty pounds occasionally and up to ten pounds frequently," and he can "frequently handle and finger with his left upper extremity." Admin. R. at 21. The ALJ further determined that Plaintiff can never climb ladders, ropes, or scaffolds; can rarely climb stairs; and can only occasionally climb ramps, balance, stoop, crouch, crawl, bend, and kneel, and operate foot controls. *Id.* He must avoid working at unprotected heights, with

4

hazardous machinery, and around open flames and bodies of water. *Id.* He also must avoid sunlight and working outdoors, work requiring driving, and the use of cutting tools. *Id.* The ALJ concluded that Plaintiff was not disabled because he could work as a document preparer (19,000 jobs in the national economy), a tube operator (7,800 jobs in the national economy), an addresser (12,400 jobs in the national economy), and a surveillance system monitor (38,500 jobs in the national economy). Admin. R. 26.

Plaintiff first argues that the ALJ erred in finding he could work as a document preparer (DOT code: 249.587-018) because the vocational expert (VE) specifically testified that an individual with Plaintiff's RFC could not perform the job. *Id.* at 10-11. The Court agrees the ALJ erred, but this error was harmless.

At the hearing, the ALJ asked the VE to opine on the jobs that could be performed by a hypothetical individual who had all of the limitations the ALJ found in Plaintiff's RFC—except that the individual had no limitation with respect to using cutting tools or as to handling and fingering with the left upper extremity. Admin. R. 53-55. The VE testified the individual would be able to work as a document preparer, tube operator, and cutter-paster. *Id.* 55. The ALJ then posed a second hypothetical question to the VE that included all of the limitations the ALJ found in Plaintiff's RFC. *Id.* The VE responded that the no-cutting-tools limitation would preclude the jobs of document preparer and cutter-paster. *Id.* 56. The VE further testified that an individual with all of the limitations included in Plaintiff's RFC could perform the jobs of an addresser (DOT code: 209.587-010)

5

and a surveillance system monitor (DOT code: 379.367-010). *Id.* Ultimately, the ALJ determined Plaintiff was not disabled because he could perform the jobs of document preparer, tube operator, addresser, and surveillance system monitor. *Id.* 57.

The DOT provides that the document preparer job (DOT code: 249.587-018) requires using a paper cutter and cutting documents. DOT, 4th ed., at 219 (1991). And the VE testified that an individual with Plaintiff's RFC could not work as a document preparer because of the no-cutting-tools limitation. Admin. R. 56. Thus, as the Commissioner tacitly concedes, Resp. 4 (ECF No. 16), the ALJ erred in finding that Plaintiff could work as a document preparer.

However, "[t]he Commissioner's burden at Step 5 . . . is satisfied by showing the existence of only *one* job with a significant number of available positions that the claimant can perform." *Gaspard v. Soc. Sec. Admin., Comm'r*, 609 F.Supp.2d 607, 617 (E.D. Tex. 2009) (emphasis in original) (citing *Evans v. Chater*, 55 F.3d 530, 532-33 (10th Cir. 1995)); *see Wanda K. W. v. Saul*, 2020 WL 5552144, at *4 (N.D. Tex. July 31, 2020) (Rutherford, J.), *rec. adopted*, 2020 WL 5544377 (N.D. Tex. Sept. 16, 2020) (Cummings, J.); *see also Tracy D. v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4748124, at *2 (N.D. Tex. Sept. 27, 2019) (Rutherford, J.). And here, the ALJ found Plaintiff could work as a tube operator (7,800 jobs in the national economy), an addresser (12,400 jobs in the national economy), and a surveillance system monitor (38,500 jobs in the national economy). Admin. R. 26, 54-55. The ALJ based his finding on the VE's testimony that an individual with

Plaintiff's RFC could perform 58,700 total jobs in the national economy. The VE also testified that her opinion was consistent with the DOT. *Id.* at 53. Thus, substantial evidence supports the ALJ's finding that Plaintiff is not disabled. *See Lirley v. Barnhart*, 124 F. App'x 283, 283-84 (5th Cir. 2005) (per curiam) (affirming the Commissioner's decision, based on VE testimony, that claimant was not disabled because claimant could perform 50,000 jobs in the national economy); *see also Duncan v. Saul*, 2020 WL 6120472, at *15 (N.D. Tex. Sept. 10, 2020) (Ramirez, J.), *rec. adopted*, 2020 WL 6064359 (N.D. Tex. Oct. 14, 2020) (Scholer, J.) (affirming Commissioner's decision, based on VE testimony, that there were at least 25,000 jobs nationally for inspector, hand packager, as well as 35,000 jobs nationally for bakery worker that Plaintiff could do).

Plaintiff also contends the DOT is outdated and the jobs described therein—specifically the tube operator and surveillance system jobs—are obsolete or no longer exist in significant numbers in the national economy. *See, e.g.*, Pl.'s Br. 12 ("Since the DOT last updated the occupation with the title of surveillance system monitor in 1986, there have been substantial changes in surveillance."). But "[w]hether the DOT is outdated is not a determination this Court can make." *Walker v. Berryhill*, 2017 WL 6883894, at *5 (N.D. Tex. Dec. 19, 2017) (Ray, J.), *rec. adopted*, 2018 WL 339307 (N.D. Tex. Jan. 9, 2018) (O'Connor, J.). Plaintiff provides the Court with no authority, much less binding authority, and the Court has found no authority to suggest it should disregard the DOT because it has not been recently updated. Indeed, in a recent unpublished decision, the Fifth Circuit

7

accepted the ALJ's reliance on VE testimony that the claimant could perform the job of surveillance system monitor. *See Owen v. Kijakazi*, 2022 WL 118427, at *3 (5th Cir. Jan. 11, 2022).

## Recommendation

Because the ALJ applied the correct legal standards, substantial evidence supports the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act, and any error on the part of the ALJ was harmless, the Court should AFFIRM the hearing decision in all respects.

**SO RECOMMENDED.**

August 4, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).